UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNIE EARL GRUBBS, JR.,

    Plaintiff,

v.                                          Case No. 8:07-cv-01189-T-17MSS

ST. PETERSBURG POLICE DEPARTMENT, ET AL.,

    Defendants.
_____/

## ORDER

This cause is before the Court sua sponte on pro se Plaintiff Johnnie Earl Grubbs, Jr.'s complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. Grubbs, a federal prisoner, filed motions for the Court to order summons (Dkt. 1) and for leave to proceed in forma pauperis (Dkt. 2).

### STANDARDS OF REVIEW

The Court "hold[s] to less stringent standards than formal pleadings drafted by lawyers" the allegations of a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court shall dismiss a complaint filed in forma pauperis if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Since "allegations such as those asserted by [a pro se plaintiff], however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence." *Haines*, 404 U.S. at 320. § 1915 dismissals should be ordered only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (internal

quotation marks omitted)).

## DISCUSSION

Grubbs requested, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the following information from the St. Petersburg Police Department (SPPD):

1. Copy of Det. Roberto Rolon high speed vehicular accident of October 24, 1988 [sic];

2. Copy of Det. David Lindsay and Special Agent Neil Ulrich report of perform [sic] First Aid on Det. Roberto Rolon;

3. Copy of Det. David Lindsay and Special Agent Neil Ulrich report of perform [sic] First Aid on passengers of another vehicle involved in the accident;

4. Copy of Change of custody report of Det. k. [sic] Shelley of relieved the informant his evidence [sic];

5. Copy of Change of custody report from Det. K. Shelley to Special Agent Neil Ulrich of October 24, 1988.

Betty Long, Records & Identification Division Supervisor, answered Grubbs' letter. She explained that: (a) FOIA does not apply to state agencies, 5 U.S.C. §§ 551(1), 552; (b) she was unsure about what Grubbs was specifically requesting; and (c) Grubbs' case was federal and had been turned over to the Federal Bureau of Investigation (FBI).

Grubbs tried in a subsequent letter to clarify his request. Long replied in her second letter to him, "After doing some research we no longer archive that information. You might check with the Federal Bureau of Investigation or the trial court."

Grubbs wrote again to Long. He added a request for copies of the SPPD and FBI's procedural manuals articulating how the respective law enforcement agencies handle the chain of custody of drug evidence. He ended his letter, stating:

2

> It [sic] we can settle this matter within 30 days I will have no need to file an [sic] civil action in the Federal Court in Ocala Florida. Your cooperation is fully expected in this investigation of violations of civil rights of a Black minority class citizen of the United State [sic] of America by white Americans "Intentionally and Willfully[.]"

The complaint alleges that various SPPD members violated Grubbs' civil rights by denying him access to the requested documents. It further alleges that they violated Grubbs' civil rights by "conspir[ing]" with one another, 42 U.S.C. § 1985(3), and by "neglect[ing]" to prevent wrongful acts. § 1986.

The allegations fail to show that the SPPD, after researching its archives, would have provided a non-black plaintiff with the information Grubbs requested. Any plaintiff in Grubbs' position would have learned that the SPPD does not have the requested information. The SPPD cannot, through conspiracy or neglect, deprive Grubbs of documents it simply does not have. Thus, the Court finds beyond doubt that Grubbs has not, and cannot, set forth allegations sufficient to state a cause of action "entitl[ing] him to relief." *Conley*, 355 U.S. at 46.

## CONCLUSION

The complaint is subject to summary dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), even when liberally construed to accommodate Grubbs' pro se status. The Court finds that the deficiency in the complaint cannot be cured by amendment or discovery. Accordingly, the Court orders that:

1. Grubbs' complaint is DISMISSED.

2. Grubbs is assessed the $350.00 filing fee. As funds become available in Grubbs' inmate trust account, he shall make monthly payments of twenty percent (20%) of the preceding month's income (i.e., all deposited income) credited to the

3

account. The agency having custody of Grubbs shall forward payments from Grubbs' account to the Clerk each time the amount in the account exceeds $10.00. The agency shall continue to make these payments until the filing fee of $350.00 is fully paid. *See* 28 U.S.C. § 1915(b)(2). The agency shall include the following information on the face of the check or money order: (1) the prisoner's full name; (2) the prisoner's inmate number; and (3) Middle District of Florida Case Number (8:07-cv-01202-T-17EAJ). The Clerk shall return to the agency checks or money orders that do not have the above information.

3. The Clerk shall enter judgment against Grubbs and to close this case.

4. The Clerk shall mail a copy of this Order to the following address:

> Warden
> Federal Correctional Complex
> Post Office Box 1022
> Coleman, FL 33521.

**DONE** and **ORDERED** in Chambers, Tampa, Florida, this 27th day of July, 2007.

ELIZABETH A. KOVACHEVICH
United States District Judge

cc: All parties